JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOYCE PETRAUSKAS

**(b)** County of Residence of First Listed Plaintiff: MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

## DEFENDANTS
COTIVITI USA, LLC

County of Residence of First Listed Defendant: MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
ADEA   ADA   PHRA
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 05/06/2016
SIGNATURE OF ATTORNEY OF RECORD: /S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**
RECEIPT #  ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity.**         Example:         U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **157 BRINDLE COURT EAGLEVILLE, PA 19403**

Address of Defendant: **555 E. NORTH LANE SUITE 6125 CONSHOHOCKEN, PA 19428**

Place of Accident, Incident or Transaction: **555 E. NORTH LANE SUITE 6125 CONSHOHOCKEN, PA 19428**

(Use Reverse Side *For Additional Space*)

Does this case involve mutidistrict litigation possibilities? Yes ☐ No ☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court?

    Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

    Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

    Yes ☐ No ☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Question* Cases&

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity *Jurisdiction* Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

**SIDNEY L. GOLD, ESQUIRE**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **05/06/2016**     /s/ SIDNEY L. GOLD, ESQUIRE     **SLG-21374**
                                    Attorney-at-Law                        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **05/06/2016**     /s/ SIDNEY L. GOLD, ESQUIRE     **SLG-21374**
                                    Attorney-at-Law                        Attorney I.D.#

CIV-609 (9/99)

UNITED STATES DISTRICT COURT

APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **157 BRINDLE COURT EAGLEVILLE, PA 19403**

Address of Defendant: **555 E. NORTH LANE SUITE 6125 CONSHOHOCKEN, PA 19428**

Place of Accident, Incident or Transaction: **555 E. NORTH LANE SUITE 6125 CONSHOHOCKEN, PA 19428**

(Use Reverse Side *For Additional Space*)

Does this case involve mutidistrict litigation possibilities? Yes☐ No☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court?

Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

Yes☐ No☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Question* Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity *Jurisdiction* Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
(Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

**SIDNEY L. GOLD, ESQUIRE** , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **05/06/2016**     /s/ SIDNEY L. GOLD, ESQUIRE     **SLG-21374**
                          Attorney-at-Law                 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previous ly terminated action in this court except as noted above.

DATE: **05/06/2016**     /s/ SIDNEY L. GOLD, ESQUIRE     **SLG-21374**
                          Attorney-at-Law                 Attorney I.D.#

CIV-609 (9/99)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

JOYCE PETRAUSKAS                                         CIVIL ACTION

v.

COTIVITI USA, LLC

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through §2255.     ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(c) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(d) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(e) Standard Management -- Cases that do not fall into any one of the other tracks.     (X)

05/06/2016                                    /S/SIDNEY L. GOLD, ESQUIRE
Date                                          Attorney-at-law

                                              /S/SIDNEY L. GOLD, ESQUIRE
                                              Attorney for Plaintiff

Wiy. 660) 7193

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOYCE PETRAUSKAS, | CIVIL ACTION NO: |
| *Plaintiff*, | |
| v. | |
| COTIVITI USA, LLC, | |
| *Defendant.* | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**I.     PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees, and other relief on behalf of the Plaintiff, Joyce Petrauskas ("Plaintiff"), a former employee of the Defendant, Cotiviti USA, LLC ("Defendant"), who has been harmed by the Defendant's discriminatory and unlawful employment practices.

2. This action arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et. seq.

**II.    JURISDICTION AND VENUE:**

3. The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on both the ADEA and the ADA, and a substantial part of the events giving rise to Plaintiff's claims occurred within this district.

-2-

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action. On February 8, 2016, the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue and this action has been filed within ninety (90) days of receipt of said notice.

### III. PARTIES:

6. Plaintiff, Joyce Petrauskas ("Plaintiff"), is a sixty-two (62) year old female citizen of the Commonwealth of Pennsylvania, residing therein at 157 Brindle Court, Eagleville, PA 19403.

7. Defendant, Cotiviti USA, LLC ("Defendant"), was and is now a limited liability corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business therein at 555 E. North Lane, Suite 6125, Conshohocken, PA 19428.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADEA, the ADA, and the PHRA, and accordingly is subject to the provisions of each said Act.

## IV.   STATEMENT OF CLAIMS

10.   Plaintiff, a sixty-two (62) year old individual, is a former employee of the Defendant. By way of background, Plaintiff was employed by Defendant as an Auditor from on or about November 1, 2000 until on or about September 30, 2013.

11.   By way of further background, on or about May 4, 2013, Plaintiff commenced a brief medical leave of absence as a result of her diagnosis of Depression and Anxiety. Said medical conditions constitute disabilities within the meanings of the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), in that they substantially impair one or more of Plaintiff's major life activities, including, but not limited to, interacting with others.

12.   On or about September 30, 2013, during Plaintiff's medical leave of absence in connection with her disabilities, Defendant terminated Plaintiff's employment, allegedly for failing to supply updated medical documentation in a timely fashion.

13.   Notably, around the time of Plaintiff's termination, Defendant engaged in a pattern and practice of age discrimination by terminating the employment of numerous employees over the age of forty (40), and replacing said individuals with significantly younger, less experienced, less qualified individuals.

14.   Further, Defendant regularly promoted significantly younger, less experienced, less qualified individuals to Senior Auditor positions rather than individuals over the age of forty (40) who possessed greater auditing experience and expertise. Defendant also held individuals over the age of forty (40) to more stringent standards than similarly-situated, significantly younger individuals.

15. Following her termination, Plaintiff petitioned Defendant on numerous occasions in an effort to be reinstated to her position of employment. However, Defendant refused to accede to her requests.

16. On or about February 1, 2015, Plaintiff applied for a vacant Auditor position with Defendant. However, Defendant failed to hire Plaintiff for said position without explanation.

17. Notably, during Plaintiff's tenure of employment with Defendant, her performance was excellent. By way of example, Plaintiff received only positive performance reviews, and always met Defendant's hourly goals. Further, Plaintiff had diligently completed her work as an Auditor for thirteen (13) years prior to the onset of her disabilities and resultant medical leave.

18. On or about August 1, 2015, Plaintiff applied for another vacant Auditor position. However, Defendant again failed to hire Plaintiff for said position without explanation.

19. On or about October 27, 2015, Plaintiff applied for yet another vacant Auditor position with Defendant. Plaintiff has not presently received a response to said application.

20. Plaintiff believes and avers that Defendant has failed to hire her based on her actual and/or perceived disabilities and/or record of impairment (Depression, Anxiety), and/or age (62).

### COUNT I
### (ADEA – Age Discrimination)
### Plaintiff vs. the Defendant

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth at length herein.

22. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to multiple instances of age discrimination, constituted violations of the ADEA.

23. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff sustained permanent and irreparable harm, resulting in loss of employment opportunities, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

24. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant, in violation of the ADEA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (ADA – Disability Discrimination)
### Plaintiff vs. the Defendant

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though fully set forth at length herein.

26. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to unlawful discrimination on the basis of her actual and/or perceived disabilities and/or record of impairments (Depression and Anxiety), constituted violations of the ADA.

27. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm, resulting in loss of employment opportunities, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

28. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (PHRA – Disability Discrimination, Age Discrimination)
### Plaintiff vs. the Defendant

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though fully set forth at length herein.

30. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to unlawful discrimination on the basis of her actual and/or perceived disabilities and/or record of impairments (Depression and Anxiety), and age, constituted violations of the PHRA.

31. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff sustained permanent and irreparable harm, resulting in loss of employment opportunities, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

32. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### PRAYER FOR RELIEF

33. Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and Order the following relief:

     a.     A declaratory judgment that the Defendant has violated Plaintiff's rights pursuant to the aforesaid causes of action;

     b.     Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

     c.     Defendant compensate Plaintiff with an award of front pay, if appropriate;

     d.     Defendant pay to Plaintiff liquidated damages, as allowable under the ADEA.

     e.     Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as allowable by law.

     f.     Defendant pay to Plaintiff punitive damages under any applicable law, pre-judgment interest and post-judgment interest, costs of suit, attorney's fees, and expert witness fees, as allowable by law;

     g.     Defendant pay to Plaintiff such further and additional relief as may be just and proper, or that the interests of justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury.

                                 SIDNEY L. GOLD & ASSOCIATES, P.C.

                      By:    /s/Sidney L. Gold, Esquire
                                 SIDNEY L. GOLD, ESQUIRE
                                 I.D. NO.: 21374
                                 1835 Market Street, Suite 515
                                 Philadelphia, PA 19103
                                 (215) 569-1999
                                 **Attorneys for Plaintiff**

Dated: May 6, 2016

VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 5/5/16

_____
Joyce Petrauskas, Plaintiff